JUDGE LYNC. 1

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

08 CV 8304

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
FREDDY RODRIGUEZ on his own behalf and on behalf
of others similarly situated.

                Plaintiff,         **COMPLAINT**

  -against-                             JURY TRIAL
                                       DEMANDED

BERGEN DISCOUNT PLUS INC,
WILLIS DISCOUNT STORE and ERROL MARKS,
an individual, MIKE MEMON, an individual and
MUHAMMED DORIA, an individual



                Defendants.
-------------------------------------------------------------X

1. Plaintiff, FREDDY RODRIGUEZ (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, FREDDY RODRIGUEZ through undersigned counsel, brings this action against BERGEN DISCOUNT PLUS INC, WILLIS DISCOUNT STORE, ERROL MARKS an individual, MIKE MEMON, an individual and MUHAMMED DORIA, an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the BERGEN DISCOUNT PLUS INC, WILLIS DISCOUNT STORE registered and located at 518 Willis Ave, Floor 1, Bronx, NY 10455.

1

3. Plaintiff FREDDY RODRIGUEZ, was employed by Defendants at BERGEN DISCOUNT PLUS INC from approximately . Although Plaintiff FREDDY RODRIGUEZ worked approximately sixty six (66) hours or more per week during the period of September 4nd, 2007 until September 8th, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff FREDDY RODRIGUEZ was employed by Defendants to work at BERGEN DISCOUNT PLUS INC, from approximately September 4th, 2007 until September 8th, 2008, and Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

5. Although Plaintiff FREDDY RODRIGUEZ worked approximately sixty six (66) hours or more per week during the period of September 4th, 2007 until September 8th, 2008, Defendants did not pay Plaintiff an extra hour of minimum wage for each day worked over ten (10) hours, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. Plaintiff FREDDY RODRIGUEZ, was employed by Defendants at WILLIS DISCOUNT STORE from approximately September 4th, 2007 until September 8th, 2008. Although Plaintiff FREDDY RODRIGUEZ worked approximately sixty six (66) hours or more per week during the period of September 4nd, 2007 until September 8th, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

7. Plaintiff FREDDY RODRIGUEZ was employed by Defendants to work at WILLIS DISCOUNT STORE, from approximately September 4th, 2007 until September 8th, 2008, and Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

8. Although Plaintiff FREDDY RODRIGUEZ worked approximately sixty six (66) hours or more per week during the period of September 4th, 2007 until

2

September 8th, 2008, Defendants did not pay Plaintiff an extra hour of minimum wage for each day worked over ten (10) hours, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. As a result of these violations of Federal and New York State labor laws, Plaintiffs' seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14. Plaintiff, FREDDY RODRIGUEZ, resides at 570 West 183 street, Apt 5D, New York, New York and was employed by Defendants at BERGEN DISCOUNT PLUS INC, WILLIS DISCOUNT STORE in New York, New York from on or about September 4nd, 2007 until September 8th, 2008.

15. Upon information and belief, Defendants, BERGEN DISCOUNT PLUS INC is a corporation organized under the laws of New York with a principal executive office at 518 Willis Avenue, Bronx, NY 10455.

16. Upon information and belief, Defendants, BERGEN DISCOUNT PLUS INC is a corporation authorized to do business under the laws of New York.

17. Upon information and belief, Defendant **Muhammed Doria**, owns and/or operates BERGEN DISCOUNT PLUS INC that does business under the name "BERGEN DISCOUNT PLUS INC" at 518 Willis Avenue, Bronx, NY 10455.

18. Upon information and belief, Defendant Defendants Muhammed Doria, is the Chairman of the Board of BERGEN DISCOUNT PLUS INC

19. Upon information and belief, Defendant Muhammed Doria, is the Chief Executive Officer of BERGEN DISCOUNT PLUS INC.

20. Upon information and belief, Defendant Muhammed Doria, is an agent of BERGEN DISCOUNT PLUS INC

21. Upon information and belief, Defendant Muhammed Doria, has power over personnel decisions.

22. Upon information and belief, Defendant Muhammed Doria, has power over payroll decisions.

23. Defendant Muhammed Doria has the power to hire and fire employees at the BERGEN DISCOUNT PLUS INC establish and pay their wages, set their work schedule, and maintains their employment records.

24. During relevant times, Defendant Muhammed Doria, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

25. Upon information and belief, Defendant **Errol Marks**, owns and/or operates BERGEN DISCOUNT PLUS INC that does business under the name "BERGEN DISCOUNT PLUS INC" at 518 Willis Avenue, Bronx, NY 10455.

26. Upon information and belief, Defendant Defendants Errol Marks, is the Chairman of the Board of BERGEN DISCOUNT PLUS INC.

27. Upon information and belief, Defendant Errol Marks, is the Chief Executive Officer of BERGEN DISCOUNT PLUS INC.

28. Upon information and belief, Defendant Errol Marks, is an agent of BERGEN DISCOUNT PLUS INC

29. Upon information and belief, Defendant Errol Marks, has power over personnel decisions.

4

30. Upon information and belief, Defendant Errol Marks has power over payroll decisions.

31. Defendant Errol Marks has the power to hire and fire employees at the BERGEN DISCOUNT PLUS INC establish and pay their wages, set their work schedule, and maintains their employment records.

32. During relevant times, Defendant Errol Marks, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

33. Upon information and belief, Defendant **Mike Memon**, owns and/or operates BERGEN DISCOUNT PLUS INC that does business under the name "BERGEN DISCOUNT PLUS INC" at 518 Willis Avenue, Bronx, NY 10455

34. Upon information and belief, Defendant Defendants Mike Memon, is the Chairman of the Board of BERGEN DISCOUNT PLUS INC.

35. Upon information and belief, Defendant Mike Memon, is the Chief Executive Officer of BERGEN DISCOUNT PLUS INC.

36. Upon information and belief, Defendant Mike Memon, is an agent of BERGEN DISCOUNT PLUS INC

37. Upon information and belief, Defendant Mike Memon, has power over personnel decisions.

38. Upon information and belief, Defendant Mike Memon has power over payroll decisions.

39. Defendant Mike Memon has the power to hire and fire employees at the BERGEN DISCOUNT PLUS INC establish and pay their wages, set their work schedule, and maintains their employment records.

40. During relevant times, Defendant Mike Memon, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

41. On information and belief, BERGEN DISCOUNT PLUS INC is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on

goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

42. Upon information and belief, Defendants, WILLIS DISCOUNT STORE is a corporation organized under the laws of New York with a principal executive office at 518 Willis Avenue, Bronx, NY 10455.

43. Upon information and belief, Defendants, WILLIS DISCOUNT STORE is a corporation authorized to do business under the laws of New York.

44. Upon information and belief, Defendant **Muhammed Doria**, owns and/or operates WILLIS DISCOUNT STORE that does business under the name "WILLIS DISCOUNT STORE" at 518 Willis Avenue, Bronx, NY 10455.

45. Upon information and belief, Defendant Defendants Muhammed Doria, is the Chairman of the Board of WILLIS DISCOUNT STORE.

46. Upon information and belief, Defendant Muhammed Doria, is the Chief Executive Officer of WILLIS DISCOUNT STORE.

47. Upon information and belief, Defendant Muhammed Doria, is an agent of WILLIS DISCOUNT STORE

48. Upon information and belief, Defendant Muhammed Doria, has power over personnel decisions.

49. Upon information and belief, Defendant Muhammed Doria, has power over payroll decisions.

50. Defendant Muhammed Doria has the power to hire and fire employees at the WILLIS DISCOUNT STORE establish and pay their wages, set their work schedule, and maintains their employment records.

51. During relevant times, Defendant Muhammed Doria, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

52. Upon information and belief, Defendant **Errol Marks**, owns and/or operates WILLIS DISCOUNT STORE that does business under the name "WILLIS DISCOUNT STORE" at 518 Willis Avenue, Bronx, NY 10455.

53. Upon information and belief, Defendant Defendants Errol Marks, is the Chairman of the Board of WILLIS DISCOUNT STORE.

54. Upon information and belief, Defendant Errol Marks, is the Chief Executive Officer of WILLIS DISCOUNT STORE.
55. Upon information and belief, Defendant Errol Marks, is an agent of WILLIS DISCOUNT STORE
56. Upon information and belief, Defendant Errol Marks, has power over personnel decisions.
57. Upon information and belief, Defendant Errol Marks has power over payroll decisions.
58. Defendant Errol Marks has the power to hire and fire employees at the WILLIS DISCOUNT STORE establish and pay their wages, set their work schedule, and maintains their employment records.
59. During relevant times, Defendant Errol Marks, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
60. Upon information and belief, Defendant **Mike Memon**, owns and/or operates WILLIS DISCOUNT STORE that does business under the name "WILLIS DISCOUNT STORE" at 518 Willis Avenue, Bronx, NY 10455.
61. Upon information and belief, Defendant Defendants Mike Memon, is the Chairman of the Board of WILLIS DISCOUNT STORE.
62. Upon information and belief, Defendant Mike Memon, is the Chief Executive Officer of WILLIS DISCOUNT STORE.
63. Upon information and belief, Defendant Mike Memon, is an agent of WILLIS DISCOUNT STORE
64. Upon information and belief, Defendant Mike Memon, has power over personnel decisions.
65. Upon information and belief, Defendant Mike Memon has power over payroll decisions.
66. Defendant Mike Memon has the power to hire and fire employees at the WILLIS DISCOUNT STORE establish and pay their wages, set their work schedule, and maintains their employment records.
67. During relevant times, Defendant Mike Memon, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

68. On information and belief, WILLIS DISCOUNT STORE is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

69. Plaintiff, FREDDY RODRIGUEZ, was employed by Defendants at the BERGEN DISCOUNT PLUS INC in New York, New York, between approximately September 4th, 2007 until September 8th, 2008.

70. During his employment by Defendants at BERGEN DISCOUNT PLUS INC Plaintiff's primary duties was as a driver assistant and sales man as well as performing other miscellaneous duties as directed by supervisors and managers.

71. Defendants usually created work schedule, requiring Plaintiff FREDDY RODRIGUEZ to work well more than forty (40) hours per week.

72. Plaintiff, FREDDY RODRIGUEZ was employed by Defendants to work at BERGEN DISCOUNT PLUS INC located at 518 Willis Avenue, Bronx, New York 10455. Although Plaintiff worked approximately sixty six (66) hours or more per week during the period of September 4th, 2007 until September 8th, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

73. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty six (66) hours or more per week.

74. Despite the long hours that Plaintiff FREDDY RODRIGUEZ worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from September 4th, 2007 until September 8th, 2008

8

75. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

76. During many or all weeks in which Plaintiff FREDDY RODRIGUEZ was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

77. Defendants did not pay Plaintiff FREDDY RODRIGUEZ for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

78. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

79. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $5.15, an hour.

80. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

81. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

82. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

83. Plaintiff, FREDDY RODRIGUEZ, was employed by Defendants at the **WILLIS DISCOUNT INC** in New York, New York, between approximately September 4th, 2007 until September 8th, 2008.

84. During his employment by Defendants at WILLIS DISCOUNT INC Plaintiff's primary duties was as a driver assistant and sales man as well as performing other miscellaneous duties as directed by supervisors and managers.

9

85. Defendants usually created work schedule, requiring Plaintiff FREDDY RODRIGUEZ to work well more than forty (40) hours per week

86. Plaintiff, FREDDY RODRIGUEZ was employed by Defendants to work at Willis Discount INC located at 518 Willis Avenue, Bronx, New York 10455. Although Plaintiff worked approximately sixty six (66) hours or more per week during the period of September 4th, 2007 until September 8th, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

87. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty six (66) hours or more per week.

88. Despite the long hours that Plaintiff FREDDY RODRIGUEZ worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from September 4th, 2007 until September 8th, 2008

89. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

90. During many or all weeks in which Plaintiff FREDDY RODRIGUEZ was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

91. Defendants did not pay Plaintiff FREDDY RODRIGUEZ for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

92. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

93. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $5.15, an hour.

94. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.
95. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
96. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

## FIRST CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

97. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
98. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
99. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
100. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
101. Defendants willfully failed to pay Plaintiff(s) minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
102. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.
103. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

104. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

106. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

107. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

108. Defendants also failed to pay Plaintiff the required minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

109. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

110. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

112. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

113. At all times relevant to this action, Defendants were employers engaged in

commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

114. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

115. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiffs.

116. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

117. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

119. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

120. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

121. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
122. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4
123. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 16th day of September 2008.

_____
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

BERGEN DISCOUNT PLUS INC
112 UTICA AVE
BROOKLYN
NY 11213

MUHAMMED DORIA
518 WILLIS AVENUE
FLOOR 1
BRONX
NY 10455

MIKE MEMON
518 WILLIS AVENUE
BRONX
NY 10455

ERROL MARKS
107 NEWPORT STREET
BRROKLYN
NY 11212

ERROL MARKS
1589 BERGEN STREET
BROOKLYN
NY 11213

ERROL MARKS
704 HOWARD AVE
BROOKLYN
NY 11212

**WILLIS AVENUE DISCOUNT CENTER CO INC**
C/O ROSEMAN, BEERMAN & BEERMAN
3000 MARCUS AVENUE STE 3W6
LAKE SUCCESS
NY 11042

WILLIS AVENUE DISCOUNT CENTER CO INC
518 WILLIS AVE
BRONX
NY 10455

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY RODRIGUEZ on his own behalf and on behalf
of others similarly situated.

        Plaintiff,

           -against-

BERGEN DISCOUNT PLUS INC. d.b.a.
WILLIS AVENUE DISCOUNT CENTER CO INC
and ERROL MARKS, an individual,
MIKE MEMON, an individual and
MUHAMMED DORIA, an individual

        Defendants

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:

**BERGEN DISCOUNT INC**
518 WILLIS AVE
BRONX
NY 10455

BERGEN DISCOUNT PLUS INC
107 NEWPORT STREET
BROOKLYN
NY 11212